## In re Melon Street. Appeal of the City of Philadelphia sur awards Hinchman and Nass.

*Jurisdiction, Supreme and Superior Courts—Interpretation of mandate of Supreme Court by quarter sessions— Exclusive jurisdiction in Supreme Court.*

The Supreme Court having reversed the judgments of the Superior Court, reversing a decree of the quarter sessions, and having directed judgments to be entered in damage cases arising from the vacation of Melon street, upon filing certain releases, the court of quarter sessions entered judgment and the city of Philadelphia appealed. *Held,* that the exclusive jurisdiction to determine whether or not the court of quarter sessions in entering judgment, has complied with the mandate of the Supreme Court is in that court and that the proper method to obtain a decision of the question is by direct application to the Supreme Court and not by appeal to the Superior Court.

*Practice, Superior Court—Appeals—Important question certified to Supreme Court—Act of June 24, 1895, P. L. 212.*

Where questions raised on a motion to quash are so difficult and important as to make it expedient that they should be decided by the Supreme Court, the Superior Court will certify the case upon the questions raised to the Supreme Court under section 10 of the Act of June 24, 1895, P. L. 212.

Argued Oct. 17, 1898. Appeal, No. 148, Oct. T., 1898, by city of Philadelphia, from order of Q. S. Philadelphia County, making absolute rule for judgment against the city of Philadelphia in the matter of the vacation of Melon street. Before RICE, P. J., REEDER, ORLADY, SMITH and W. D. PORTER, JJ. Case certified to Supreme Court.

Motion to quash appeal.

It appears from the record that an appeal was taken by the Philadelphia & Reading Terminal Railroad Company from

the judgment of the court of quarter sessions in confirming the award of a road jury in the matter of damages claimed in the vacation of Melon street, and in holding that the whole of the damages assessed lawfully should be apportioned against the Philadelphia & Reading Terminal Railroad Company, which judgment was reversed by the Superior Court, RICE, P. J., and BEAVER, J., dissenting, as appears by the report of the case in 1 Pa. Superior Ct. 63.

An allocatur having been allowed the judgments of the Superior Court were reversed (the case being reported in 182 Pa. 397) and the records were remitted to the court of quarter sessions of Philadelphia with directions to enter judgments for appellants on filing of the proper releases. The records having been remitted to the court of quarter sessions and the releases required by the order of the Supreme Court having been filed in the quarter sessions that court, on motion, entered the following judgments: July 27, 1898. Rule absolute, judgment for Maria L. Hinchman and Harry C. Hinchman for $1,100 with interest from September 8, 1895, and costs. Eo die. Rule absolute, judgment for George Nass, Jr., for $700 with interest from September 18, 1895, and costs. From these judgments the city of Phililadelphia appealed and the judgment creditors moved in the Superior Court to quash the appeal.

*M. Hampton Todd,* with him *Frank M. Cody* and *William H. Staake,* in support of the motion to quash appeal.

1. The court of quarter sessions in entering said judgments obeyed the mandate of the Supreme Court, and the act of the court in entering said judgments was therefore the act of the Supreme Court, and reviewing of such action is only cognizable in the Supreme Court.

2. If it be alleged that the quarter sessions court has not complied with the mandate of the Supreme Court or has committed error in so doing, then it is manifest that the proper tribunal to determine that question is the court issuing the mandate.

3. There is no question involved in this record that has not already been passed upon by the Supreme Court, and the Superior Court therefore has no jurisdiction over the record a second time. The record shows that the original report of the

jury in this case was filed April 6, 1895, to which exceptions were filed only by the Philadelphia and Reading Terminal Railroad Company, and on September 18, 1895, these exceptions were dismissed and the report of the jury confirmed. The railroad company appealed to the Superior Court, but the city of Philadelphia did not, so that the record shows that the city of Philadelphia neither filed exceptions to the report of the jury of view nor took an appeal from the awards therein made. It is manifest, therefore, that nothing that was done either by the jury of view or by the court of quarter sessions in the assessment of damages can be the subject-matter of an appeal by the city of Philadelphia. It therefore necessarily follows that the pending appeal is from the act of the court of quarter sessions in entering the judgments in accordance with the mandate of the Supreme Court.

4. The question of the appellees' right to recover in this proceeding has been affirmed and finally determined by the Supreme Court, and in the very nature of things, no second writ of error or appeal lies after the Supreme Court has finally determined the question. If the parties are not satisfied with the determination of the question by the court of last resort, the only relief is by petition for a reargument or for a modification of the judgment, and that must be addressed to the Supreme Court and not to the Superior Court. There never would be an end of litigation if any other course was permissible.

After a judgment has been affirmed by the Supreme Court upon a writ of error, the defendant in error took a writ of error to the same judgment. Writ quashed: Henderson v. Irvine, 1 Amer. L. J. 269, per ROGERS, J.

In Birch v. Triste, 8 East Rep., Lord ELLENBOROUGH says, page 413: "And by HOLT, C. J., there can be no new writ of error after the justices and barons have affirmed or reversed."

Birch v. Triste was cited with approval by GIBSON, C. J., in Sheerer v. Grier, 3 Whar. 14.

5. It follows from the foregoing propositions that this case should not be certified to the Supreme Court under the provisions of the act creating this court, because the nature of the judgment by the court of quarter sessions is not an appealable matter in any proper sense of the term. It is not intended by

this to contend that if the quarter sessions court has not properly carried out the mandate of the Supreme Court that there is no relief for the city of Philadelphia, but what we contend for is that the error cannot be corrected through the form of an appeal. We suggest that the orderly practice would be, as above indicated, for the city of Philadelphia to present its petition to the Supreme Court, setting forth the state of the record and what the court of quarter sessions had done in pursuance of the mandate of the Supreme Court, and setting forth also the alleged errors which the court of quarter sessions had committed in so doing; then if the Supreme Court should be of opinion that error had supervened, it could issue its special writ of certiorari to have the record certified to them, together with a stay of proceedings, and thus the whole matter would be in the control of the Supreme Court.

We, therefore, submit that the appeal in this case should be quashed and the record certified in the court of quarter sessions.

*Francis L. Wayland*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellants, against the motion to quash. —That the sole questions raised, argued and determined in the quarter sessions, the Superior Court and the Supreme Court, were as follows: Were the claimants legally entitled to recover damages for what was assumed to be the vacation of the said Melon street? If they were legally entitled to damages could the damages so awarded be assessed against and collected from the Philadelphia & Reading Terminal Railroad Co.? It will be observed from the record that it was never at any time contended that the city of Philadelphia was liable in damages, nor was the liability of the said city at any time adjudicated.

The order directing the court of quarter sessions to enter judgment in favor of appellants did not contemplate that such judgments in favor of the claimants should be entered against the city of Philadelphia as the records failed to show any claim or assessment against the said city.

PER CURIAM, November 21, 1898:

The order made by the Supreme Court in these proceedings was as follows: "The judgments are reversed and the records are remitted to the court of quarter sessions of Philadelphia

with direction to enter judgments for the appellants upon the filing of proper releases." The records were returned to the quarter sessions, and, the releases referred to having been filed, the court made absolute a rule for judgment in favor of these appellees. From this judgment the city took an appeal to this court. It is argued by the appellants' counsel that in making the order directing the court of quarter sessions to enter judgment the Supreme Court did not contemplate that such judgments in favor of the claimants should be entered against the city. On the other hand, it is argued by the appellees' counsel that the exclusive jurisdiction to determine whether or not the court of quarter sessions, in entering judgment, has complied with the mandate of the Supreme Court is in the latter court, and that the proper mode for the city to pursue in order to obtain a decision of the question it raises is by direct application to that court and not by appeal to this court. We are of opinion, and so decide, that this is the correct view, and, therefore, that the motion to quash this appeal should prevail.

The question of jurisdiction is, however, important and not free from difficulty, and we all agree that in view of these considerations, and of the further fact that such an application as has been referred to has been made and is now pending in the Supreme Court, it would be proper and expedient to certify the matter to the Supreme Court under the provisions of section 10 of the act of June 24, 1895.

Now, November 21, 1898, we hereby certify that the questions raised on the motion to quash this appeal are so difficult and important as to make it expedient that they should be decided by the Supreme Court; we therefore certify the case, together with this opinion upon the questions raised, to the Supreme Court for full consideration and decision, in accordance with the provisions of section 10 of the act of June 24, 1895. All of the judges present at the hearing concur in the foregoing order.