# In re Vacation of Melon Street.    Appeal of the City of Philadelphia.

*Appeals—Judgment on reversal—Practice, Supreme Court.*

Where the Supreme Court on an appeal in a road case reverses the Superior Court, but affirms the court of quarter sessions and directs that judgments shall be entered in favor of the landowners upon their filing certain releases of a portion of the damages, the judgments should be entered in the quarter sessions so as to distinctly show upon their face that they are respectively the judgments of the Supreme Court entered in the trial court, not of its own motion, but upon the express mandate of the Supreme Court. If the judgments are entered so as not to show on their face that they are the judgments of the Supreme Court they cannot, for this reason, be considered final judgments of the quarter sessions from which an appeal will lie to the Superior Court. If an appeal is taken to the Superior Court on judgments entered in this manner, and the Superior Court certifies the same to the Supreme Court under the Act of June 24, 1895, P. L. 212, the latter court will quash the appeal and direct that the record of the judgments in the quarter sessions shall be amended so that they may more clearly appear to be the judgments of the Supreme Court.

Argued March 30, 1899.    Appeal, No. 380, Jan. T., 1898, by city of Philadelphia, from order of Q. S. Phila. Co., certified by the Superior Court.    Before STERRETT, C. J., GREEN, MC-COLLUM, DEAN and FELL, JJ.    Affirmed.

Appeal from the court of quarter sessions to the Superior Court, and certified by the latter court to the Supreme Court.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in entering judgments in favor of claimants, and in making absolute rules for mandamus against the city of Philadelphia.

*Francis L. Wayland,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for the city of Philadelphia, appellant.

*M. Hampton Todd,* with him *Frank M. Cody* and *William H. Staake,* for Maria L. Hinchman, Harry F. Hinchman and George Mass, Jr., appellees.

*Thomas Hart, Jr.,* with him *John G. Lamb,* for the Philadelphia & Reading Terminal Railroad Company.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 19, 1899:

While this is nominally an appeal from the court of quarter sessions of Philadelphia to the Superior Court, and thence certified here, it is in reality an appeal from the final judgments of this Court in In re Melon Street, Appeals of Stadelman and others, 182 Pa. 397, entered in that court in obedience to our mandate. In that regard, as the records will show, the case is certainly sui generis.

In its inception, the last mentioned case was a proceeding in the court of quarter sessions of Philadelphia by the owners of certain properties on Melon street in said city for the assessment of damages alleged to have been sustained by them, respectively, in consequence of the vacation of a part of said Melon street, between Ninth and Tenth streets. The matter was there so proceeded in that the viewers duly appointed by the court found and reported that said claimants had sustained damages to the extent of the several sums awarded to them, respectively, as specified in the schedule annexed to and made part of their report, amounting in the aggregate to $9,750. They further found that the Philadelphia & Reading Terminal Railroad Company was specially benefited by said vacation " to an amount not less than $9,750 ; " and they therefore reported " that in their opinion the said claimants are entitled to the sum of $9,750, above awarded as damages ; and they assess and apportion the whole of said sum of $9,750 against the said The Philadelphia & Reading Terminal Railroad Company."

Exceptions were duly considered and dismissed, and thereupon the report of the viewers was confirmed by the court. According to the practice in this and other districts, an absolute confirmation such as that has all the force and effect of a definitive decree or judgment of the trial court that the claimants are entitled to recover from the city, as their damages, etc., the several sums found and awarded to them, respectively, by the viewers, and that the said railroad company pay the amount assessed against it as benefits, etc. The company, evidently treating the confirmation as a definitive decree or judgment, appealed therefrom to the Superior Court; and on December 18, 1895, said court reversed the judgment of the court below and set aside the report of the viewers at the costs of the appellees : In re Melon St., Philadelphia & Reading Terminal Railroad Co.'s

Appeal, 1 Pa. Superior Ct. 63, 86. From that judgment of reversal, Jacob L. Stadelman and others, to whom damages were awarded by the viewers and court of quarter sessions, forthwith appealed to this Court; and on October 11, 1897, in an opinion by our Brother FELL, the judgment of the Superior Court, in each of said appeals by the claimants was reversed, but instead of remitting the records, in the usual way, to the court below, a special order was made, the purpose of which sufficiently appears, in the last paragraph of the opinion, as follows: "It was error on the part of the jury to include in their awards damages caused by the vacation of a part of Ninth street. As suggested in the opinion of the Superior Court, this error may now be corrected by the filing of releases. The judgments are reversed and the records are remitted to the court of quarter sessions of Philadelphia, with directions to enter judgments for the appellants upon the filing of proper releases." It will thus be seen that the only object in requiring releases (of damages caused by vacation of a part of Ninth street), to be filed by those in whose favor our judgments of reversal, etc., were directed to be entered on the record of the trial court, was to insure the correction of the above mentioned error. To that end, the filing of releases was made a condition precedent to the entry of our judgments in favor of the respective appellants. The same purpose might have been accomplished by entering our judgments here in favor of each, with stay of execution until release was filed in the court below, and then remitting the record, in that form, to said court; but the form adopted was deemed the better and should have occasioned no trouble.

The contemplated releases appear to have been filed, and judgments were then entered for the proper amounts, but the form in which the latter entries are made is inappropriate. They should have been so worded as to distinctly show upon their face that they are respectively the judgments of this Court, entered in the trial court, not of its own motion, but upon the express mandate of this Court. That, however, is merely a clerical error and should be corrected. The records were obviously remitted by this Court for no other purpose than the correction of said error and then the entry of our final judgments for the purposes of execution, etc. The court of quarter sessions had no other authority in the premises than

to see that proper releases were filed, and then enter the judgments as directed by us. When thus entered, those judgments were in that court for the purposes of execution in appropriate form and under its direction. Manifestly, they were not and could not have been intended to be judgments of the court of quarter sessions, from which an appeal would lie to the Superior Court. As we have already seen, the final judgment of that court had theretofore been entered by dismissing the exceptions and confirming absolutely the report of the viewers. Then, on appeal to the Superior Court by the railroad company, that judgment was reversed and the report of the viewers was set aside; and, subsequently, on appeal to this Court, the judgment of the Superior Court was reversed and set aside and the records "remitted to the court of quarter sessions with directions to enter judgments for the appellants upon the filing of proper releases." That direction was practically complied with by the court below, but the informal manner in which our judgments were there entered appears to have had the effect of leading the appellant in the present case into the grave mistake of supposing that the final judgments thus entered, pursuant to our mandate, were judgments of the court below, and accordingly the present appeal was taken therefrom to the Superior Court. With the unimportant exception of correcting (in the interest of the present appellant) the error above mentioned by requiring releases to be filed, the final judgments of this Court are practically an affirmance of the judgment or decree of the court of quarter sessions from which the first appeal was taken.

When the present appeal came on to be heard in the Superior Court, the appellees' motion to quash was considered, and the court in its opinion reported in 9 Pa. Superior Ct. 18, 22, rightly held " that the motion to quash should prevail," but, in view of the novelty of the proceeding, and for reasons given in its said opinion, the court very properly determined that its duty was to certify the case to us under section 10 of the Act of June 24, 1895, P. L. 212, which provides:

" If any four of the judges of the Superior Court, whose duty it is to decide any matter before that court, shall certify that, in their judgment, the questions involved in any case are so difficult or important as to make it expedient that the case

should be decided by the Supreme Court, the case containing such questions shall be certified to the Supreme Court for full consideration and decision, though otherwise within the exclusive jurisdiction of the Superior Court, but such certification shall not be made until after the case shall have been heard and decided, and the opinion of the court and any dissents therefrom shall have been duly filed."

The case was accordingly certified in due form, together with a copy of the opinion, etc., 9 Pa. Superior Ct. 18.

From what has been heretofore said it necessarily follows that the Superior Court was right in holding, as we must do, that the motion to quash the appeal should prevail, and, as already intimated, we have no doubt that, in the circumstances, the certification of the case to this Court was entirely proper.

It is not our purpose, nor is it at all necessary, to reconsider any of the questions involved in the first appeal to the Superior Court, and thence to this Court. For reasons given in the opinion of our Brother FELL we are fully satisfied as to the correctness of our conclusions in those cases. All matters pertaining to the rights of the respective claimants to recover the damages found by the viewers and adjudged by the trial court to have been sustained by them respectively, and also all matters pertaining to benefits and the assessment thereof against the Philadelphia & Reading Terminal Railroad Company were considered and finally passed upon by us in the appeals to this Court. These matters, together with any other relevant matters which the parties or either of them may have waived, by omission to present them at the proper time, must now be regarded as res adjudicata. It is now too late to even suggest, as has been done by the present appellant that the part of Melon street referred to has never been legally vacated. It is not only too late, in point of time, to interpose any such technical defense, but the acquiescence of the city in the expensive and permanent improvement made by the railroad company, and its demanding and receiving from said company a stipulation against claims for damages, etc., are quite sufficient to forever estop it from asserting that the said vacation was unauthorized and illegal. Neither individuals nor municipal corporations can ever be permitted to thus play "fast and loose." Having been definitively adjudged that the appellees in this case are entitled

to recover from the city the sums legally awarded to them, respectively, as damages, etc., if payment thereof is longer withheld from them unnecessarily, it will be the duty of the court below to award and enforce appropriate execution process for the collection thereof.

Owing to the peculiarities of this appeal, we have been induced to digress somewhat from the motion to quash and refer to some matters which relate more particularly to the merits of the cases upon which we have heretofore finally acted, and which are no longer open for discussion. This has been done with the view of avoiding, if possible, any further misunderstanding as to the status of our judgments, in the Appeals of Stadelman and others, 182 Pa. 397.

It is ordered that the appeal in this case be and the same is hereby quashed at the costs of the city of Philadelphia, appellant, and it is further ordered that the record be remitted to the court of quarter sessions of Philadelphia, with instructions, (1) to so amend its record entries of the judgments in favor of the present appellees that they may more clearly appear to be the judgments of this Court, entered in pursuance of our mandate, of October 11, 1897, to do so "upon the filing of proper releases," and (2) to take such further appropriate legal proceedings as may be necessary and proper to enforce payment of said judgments.