Commonwealth *v.* Edwards, Appellant.

Argued May 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Arthur K. Dils,* with him *Edward S. Finkelstein,* for appellant.

*Rolf W. Bienk,* Deputy District Attorney, with him *Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, November 20, 1974:

The appellant, William Edwards, Jr., was convicted of voluntary manslaughter and received a sentence of five to twelve years imprisonment. An appeal from that judgment was then filed in the Superior Court which transferred the appeal to this Court since the case involved a felonious homicide. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, art. II, §202, 17 P.S. §211.202.

The appellant first argues that the trial court's charge on voluntary manslaughter was not a correct statement of the law. That issue, however, is not properly before us since there was no objection to the trial court's charge at the time of trial. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Watlington*, 452 Pa. 524, 306 A.2d 892 (1973); *Commonwealth v. Jennings*, 442 Pa. 18, 274 A.2d 767 (1971); Pa. R. Crim. P. 1119(b).

The appellant also contends that his judgment of sentence for voluntary manslaughter should be reversed because subsequent to that judgment he was tried and acquitted of assault with intent to maim, a charge which arose out of the same episode on January 31, 1971. On that date, in a house described as a speakeasy, one Herman Banks asked the appellant to change a twenty dollar bill. When the appellant, who had not given Banks any change, began walking away with the twenty dollar bill, Banks grabbed the appellant. Appellant then pulled a gun and fired a shot at Banks. The shot went through Banks' coat, without hitting his body, and killed an innocent bystander. The voluntary manslaughter charge was based on the killing of the bystander. The assault with intent to maim charge was based on the attempt to shoot Banks. Appellant's claim, although not so designated, appears to be that the two verdicts are inconsistent. The acquittal on

the charge of assault with intent to maim should, therefore, according to the appellant, nullify the guilty verdict on the homicide charge. Even if we assume, however; that the verdicts were inconsistent, the acquittal on the second charge had no effect on the appellant's prior judgment of sentence for the crime of voluntary manslaughter. *See Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971); *Commonwealth v. Melissari*, 298 Pa. 63, 148 A. 45 (1929).

Judgment affirmed.