336 A.2d 275

COMMONWEALTH of Pennsylvania

v.

Franklin Duane CRAWFORD, Appellant.

COMMONWEALTH of Pennsylvania

v.

Nancy Elaine YOUNG, Appellant.

Supreme Court of Pennsylvania.

Submitted March 10, 1975.

Decided April 17, 1975.

Michael M. Mamula, Butler, for appellant in No. 1.

Robert E. Pryde, Kittanning, for appellant in No. 2.

Joseph A. Nickleach, Dist. Atty., Kittanning, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellants, Franklin Duane Crawford and Nancy Elaine Young, were tried by a judge and jury and found guilty of voluntary manslaughter in the death of Thomas Young, Jr., age two and one-half years, the son of Thomas Young, Sr. and appellant Nancy Elaine Young. Appellants' post-trial motions were denied, and they were sentenced. These appeals followed.[1]

■ Appellants first argue that the Commonwealth's evidence was insufficient to establish the corpus delicti of the crime of voluntary manslaughter. We do not agree. The Commonwealth's pathologist, Dr. Miller, who performed the autopsy on the victim, testified that the infant's death was caused by a severe fracture of the skull and internal hemorrhaging. Dr. Miller further testified that, in his opinion, the skull fracture was caused by a blunt instrument. On cross-examination, the doctor was asked if the injury could have been caused by the child's being hit with an automobile bumper. He answered it was possible, but that if an automobile had struck the child, there would have been areas of trauma other than the single area of the victim's skull. He further testified that, because of the pressure needed to cause such a fracture as was found in the victim's skull, it was not likely that the victim had fallen or struck his head on a stone or other hard substance. Moreover, the Commonwealth's witness testified that there was a search of the area in which the infant's body was found and there were no objects discovered that would be the type to cause the fracture, even if the infant had fallen from the top of an enbankment near where the body was

---

1. Appellants were tried together and raise the same allegations of error in these appeals; therefore, we will treat the appeals in a single opinion.

found. This proof was necessary to eliminate the pathologist's testimony on cross-examination that if the child had fallen on a hard object, from a sufficient height, the fracture could have resulted. Finally, the child's body was found some six-tenths of a mile from his home, which by the shortest route, would have required the two and one-half year old infant to cross two bridges.

Under these facts, we are of the opinion that the Commonwealth, by means of circumstantial evidence, has established that the infant died as a result of criminal means. In *Commonwealth v. May*, 451 Pa. 31, 301 A.2d 368 (1973), we stated:

> "It has long been the law of this Commonwealth that the prosecution has no duty to affirmatively exclude the possibility of accident or suicide in order to establish the corpus delicti. *Commonwealth v. Ross*, 403 Pa. 358, 169 A.2d 780 (1961); *Commonwealth v. Bishop*, 285 Pa. 49, 131 A. 657 (1926); *Commonwealth v. Puglise*, 276 Pa. 235, 120 A. 401 (1923). Such a requirement would, in effect, require the Commonwealth to exclude every possibility of doubt that death was caused by criminal agency.

> "In *Commonwealth v. Boykin*, 450 Pa. 25, 298 A.2d 258 (1972) . . ., the court held that the Commonwealth was merely required to establish that the death was consistent with a criminal agency."

In the instant case, the jury was presented with evidence that would support a finding that the infant's death was caused by human intervention. The type of fracture on the infant's head, the unlikeliness that it was caused by an automobile or a fall, and the location of the body support a finding that human intervention caused the infant's death. See *Commonwealth v. Johnson*, 162 Pa. 63, 29 A. 280 (1894).

Appellants next argue that the Commonwealth's evidence failed to prove their guilt beyond a reasonable

doubt. We do not agree. Viewing the evidence in a light most favorable to the Commonwealth, the following facts support appellants' guilt beyond a reasonable doubt. On the night the infant disappeared, appellants picked up the infant from a babysitter at about 2 a.m. (July 29, 1973). They subsequently drove the babysitter to Kittanning, Pennsylvania, and proceeded to their home, arriving at approximately 3 a.m. At 8:50 a.m., the same morning, appellants called the state police and reported the child missing. Both appellants fixed the time the child was discovered missing as 3:30 a.m. on the morning of July 29, 1973. Appellants testified that immediately before the child disappeared, they heard a car rapidly drive away from the area of their residence. At trial, the Commonwealth produced witnesses who saw appellant Crawford at about 2:30 a.m. on July 29, 1973 in the exact area where the infant was found. In addition, neighbors of appellants testified that at or about 3:00 a. m. on the night of the infant's disappearance, they heard appellant Crawford return to his residence and say to appellant Young that he had been seen, to which she replied "Oh no, Oh no." In addition the Commonwealth's evidence establishes that appellants had the exclusive control of the infant from the time it was last seen alive, until its body was found by police. Under these facts, we are convinced that the Commonwealth's evidence, while circumstantial, was sufficient to prove appellants' guilt beyond a reasonable doubt. See *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973), *Commonwealth v. Boykin*, 450 Pa. 25, 298 A.2d 258 (1972).

■ Appellants next argue that the court erred in refusing to order the pretrial discovery of certain oral statements made by appellants to the police and recorded by the police in notes. A hearing was held on this motion and the judge denied appellants' motion, stating that there were no such written statements. Appellants contend that while there were formal statements, the police

had written notes they kept during the questioning of appellants and they were entitled to these and certain reports. We do not agree. In our opinion, this case is controlled by our decision in *Commonwealth v. Turra*, 442 Pa. 192, 196, 275 A.2d 96, 98 (1971), where we stated:

> ". . . Rule 310 specifically proscribes pretrial disclosure and inspection of other evidence in the possession of the Commonwealth, including oral admissions such as here involved, unless the defendant can show the existence of exceptional circumstances and compelling reasons why such should be permitted."

In the instant case, appellants were not entitled to the items they sought discovery of and proved no exceptional circumstances that would compel their discovery. See *Com. ex rel. Specter v. Shiomos*, 457 Pa. 104, 320 A.2d 134 (1974).

Appellants raise other allegations of error which we need not discuss since they failed to note a proper objection. See *Commonwealth v. Clair*, —— Pa. ——, 326 A.2d 272 (1974).

Judgments of sentence affirmed.

EAGEN, J., concurs in the result.

ROBERTS, J., files a concurring opinion.

MANDERINO, J., dissents.

ROBERTS, Justice (concurring).

The Latinism "corpus delicti" has, I fear, confused the majority and led it to improperly analyze that issue in this case. "Corpus delicti" encompasses two analytically distinct elements which are frequently confused. First, a defendant may not be convicted on the basis of his extra-judicial confessions or admissions unless they are corroborated by independent evidence which establishes

that a crime has in fact been committed by someone. *Commonwealth v. Ware,* 459 Pa. 334, 367, 329 A.2d 258, 274–75 (1974). Second, in every criminal case and regardless of any confession or admission, the Commonwealth, as part of its ultimate burden of proof, must prove "beyond a reasonable doubt that a crime has in fact been committed." Id. at 367–368 n. 43, 329 A.2d at 275 n. 43.

In the former instance, the corroboration requirement is satisfied "if the independent evidence 'points to an unlawful killing, although it may indicate as well accident or suicide' . . . ." Id. at 366, 329 A.2d at 274, quoting *Commonwealth v. Coontz,* 288 Pa. 74, 79, 135 A. 538, 539 (1927). In the latter instance, however, the Commonwealth must prove the "corpus delicti" with evidence of the same quality and quantity as is required for proof that the defendant is the perpetrator of the crime. Accordingly, we will review the evidence for sufficiency of proof of "corpus delicti" under the standard we generally employ to review the sufficiency of the evidence in a criminal case. See, e. g., *Commonwealth v. Murray,* 460 Pa. 605, 609, 334 A.2d 255, 257 (1975).

In this case, appellants' "corpus delicti" argument is of the second variety, i. e., a branch of their general argument that the evidence is insufficient to support their convictions. *Commonwealth v. May,* 451 Pa. 31, 301 A. 2d 368 (1973), and *Commonwealth v. Boykin,* 450 Pa. 25, 298 A.2d 258 (1972) (opinion of three Justices), cited by the majority, deal with "corpus delicti" as it relates to corroboration of an extra-judicial statement and thus are clearly inapposite here.

In my view, the evidence introduced in this case, as analyzed by the trial court in its able opinion denying post-trial motions, was of sufficient quantity and quality for the jury to have concluded beyond a reasonable doubt that appellants are guilty of voluntary manslaughter, in-

cluding the necessary intermediate conclusion that the death of Thomas Young, Jr., was the result of a criminal act.

Because appellants' other contentions either are without merit or were not properly preserved for appellate review, I concur in the result.