506 A.2d 475

**COMMONWEALTH of Pennsylvania**

v.

**Albert R. CARUSONE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1985.

Filed March 21, 1986.

530

Peter Pietrandrea, Ellwood City, for appellant.

Ahmed Aziz, Assistant District Attorney, Sewickley, for Commonwealth appellee.

Before SPAETH, President Judge *, and BROSKY and ROWLEY, JJ.

* Former President Judge SPAETH did not participate in the final decision in this case.

532

ROWLEY, Judge:

This is an appeal from a judgment of sentence imposing a sentence of eleven and one half to twenty three months imprisonment for aggravated assault upon two men. Appellant raises eleven issues on appeal. Issues III through VI as set forth in appellant's statement of questions involved have been adequately discussed and correctly decided by the suppression court. (Suppression Court memorandum opinion.) Issues VII through XI have been adequately discussed and correctly decided by the trial court. (Trial Court opinion of December 27, 1983.) We will address the remaining two issues.

I.

Appellant argues that the trial court violated his constitutional right to be present at the suppression hearing by conducting the suppression hearing in his absence. On August 3, 1983, in response to an omnibus pre-trial motion filed by appellant's counsel of record, a suppression hearing was held. Appellant was not present for the hearing, although his counsel was present and *fully* participated in the hearing. The reason for appellant's absence was not stated on the record by counsel;[1] nor did his counsel object to the court proceeding with the hearing in the absence of appellant.

■ The commentary to Standard 4-3.6 of the ABA Standards for Criminal Justice, the Defense Function, states:

many of the rights that the law guarantees to an accused person can be vindicated only by prompt action. One of the lawyer's most significant tasks is to inform the client of the nature, extent, and importance of constitutional

1. The Commonwealth, in its brief at page 2, states that counsel for appellant told the District Attorney outside the courtroom immediately before the suppression hearing that appellant would not be present because he had to work. Although this may be true, nothing in the certified record indicates the reason for appellant's absence from the hearing, and therefore, we cannot consider the statement in the Commonwealth's brief.

and legal rights and to take the procedural steps necessary to protect them.

Thus defense counsel had the obligation to inform appellant of the right to be present at the hearing, as well as the time and place of the hearing; and in appellant's absence, he had the responsibility to take the procedural steps of objecting to the continuation of the hearing without his client *if* in fact his client either was unaware of the hearing or if appellant had intended to be present and was not.

The Code of Professional Responsibility states that an attorney may waive or fail to assert a right for his client. 42 Pa.C.S. D.R. 7–101(B)(1). The Code also provides that an attorney is to be above-board with the court. 42 Pa.C.S. E.C. 7–36. Thus we presume that counsel deliberately decided not to object to the suppression hearing being conducted in appellant's absence and that counsel was above-board with the court at the suppression hearing and therefore did not need to mention his client's absence nor his right to be present. However, by asserting on appeal that appellant was denied his constitutional right to be present, counsel has demonstrated his deception of the suppression court and the appellate court by raising an issue of which he did not advise the suppression court and in which there is no merit. If counsel believed that the issue had merit, counsel had the obligation to raise it immediately at the commencement of the suppression hearing.

In *Commonwealth v. Finfrock*, 257 Pa.Super. 555, 391 A.2d 621 (1978), Judge Spaeth, in his concurring opinion, stated:

A trial shouldn't be a game, for a game is a diversion, an activity engaged in for amusement. Rules appropriate to a diversion are not appropriate to a lawsuit, in which only the cynical or blood thirsty can find amusement.... Nevertheless, sometimes a court will find, to its discomfort, that it can only decide a lawsuit as though it were a game; the issues will have been developed in such a way that no other approach is left open to the court. This is

most likely to happen when counsel has tried the lawsuit as though it were a game. Instead of using the rules of procedure ... in the spirit in which they were written ... counsel has sought to exploit or manipulate the rules in the hope of achieving a victory that in good conscience his client is not entitled to.

*Id.*, 257 Pa.Superior Ct. at 560, 391 A.2d at 623.

Here, too, counsel has attempted to make the pre-trial proceedings a game, only instead of manipulating the rules of procedure, he has tried to manipulate constitutional rights. Counsel kept the reason for his client's absence from the suppression hearing off the record, while he thoroughly cross-examined witnesses and called his own witnesses at the suppression hearing in an attempt to have the case thrown out before trial. When this tactic failed and his client was subsequently convicted, he only then asserted, on behalf of his client, the constitutional right to be present at the suppression hearing. By so doing, counsel hopes to obtain a new trial and ultimately another chance at acquittal. In good conscience, appellant is not entitled to a second chance.

■■■ There is not the slightest foundation for questioning appellant's waiver of his right to be present. Constitutional issues can be waived. *Commonwealth v. Romberger*, 474 Pa. 190, 378 A.2d 283 (1977). The burden of proving by a preponderance of the evidence a valid waiver of a constitutional right is on the Commonwealth. *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977). The Commonwealth has easily met this burden. Counsel's actions and verbal ommissions—not telling the court where his client was, not objecting to the hearing being conducted without his client, and thoroughly participating in the hearing—unmistakeably asserted the waiver because counsel thereby represented to the court that appellant's absence was a deliberate choice and a strategic decision.

■■■ To say on this record that there was no waiver is sheer speculation. The burden is on appellant to both

argue and assert at least some factual basis for concluding that the waiver was not voluntary and knowing. Counsel for appellant has not raised this issue at all and there is not a shred of evidence to support such an argument. If appellant honestly believes that he did not knowingly and voluntarily waive his right to be present, his remedy is to file a Post Conviction Hearing Act petition raising the incompetancy of counsel and the dereliction by counsel of his responsibility toward his client.

## II.

■ Appellant also contends that the trial court erred by not submitting to the jury his requested points for charge Nos. 14 through 17. The trial court adequately discussed and correctly decided that point No. 14 was covered by appellant's points Nos. 11 and 13 which were read to the jury. Points Nos. 15 and 16 concerned the defense of justification to protect oneself as opposed to protecting another. The trial court properly refused these points because appellant presented no evidence even to suggest that the victims were doing anything which would require him to defend himself. Appellant's sole defense was that it was necessary to shoot the victims in order to protect his father.

■ Point No. 17 was a request for a directed verdict. A request for a directed verdict is by definition made to the court, not the jury. More importantly, however, there is no basis for a directed verdict. Appellant argues that the reason for the directed verdict was that the Commonwealth failed to prove its allegations in Counts 1, 3, and 5 of the Information. According to appellant, these counts charge that the victim was one "George Johnson" and that Paul Dodds Johnson, the person who testified at trial as being the victim, unequivocally stated that he was not George Johnson. While it is true that Paul Dodds Johnson stated that he was not George Johnson, it is not true that the Information alleges that the victim was George Johnson. The Information states that the victim is one "Walter

Johnson". Neither Paul Dodds Johnson nor appellant deny that the "Walter Johnson" whose name appears on the Information is Paul Dodds Johnson. Appellant's claim is entirely devoid of merit.

Judgment of sentence affirmed.