J-S96011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ONE (1) 1988 FORD MUSTANG LX AUTOMOBILE VIN 1FABP443JF259018 WITH FORD ENGINE VIN1FACP42E8LF225606 AND COIL WIRE AND ASSORTED ITEMS OF PERSONAL PROPERTY | |
| APPEAL OF: ANDY LARGE | No. 226 WDA 2016 |

Appeal from the Order Entered January 14, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-MD-0000054-2015

BEFORE: BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 29, 2016**

Andy Large appeals *pro se* from the trial court's January 14, 2016 order denying his "Motion in Opposition to Order of Forfeiture." Large contends that the trial court erred by granting the Commonwealth's petition for forfeiture of certain property owned by Large because the forfeiture petition was filed outside the 2-year statute of limitations. We affirm.

In its brief to this Court, the Commonwealth provides a summary of the facts and procedural history that culminated in Large's filing of this appeal:[1]

---

[1] The trial court did not provide a factual or procedural history in its Pa.R.A.P. 1925(a) opinion, and Large has only set forth, in his *pro se* brief, a
*(Footnote Continued Next Page)*

On October 13, 2006[,] the Pennsylvania State Police executed a search warrant at 1103 Euclid School Road in Clay Township, Butler County. As a result of this search, the items of property that are the subject of this appeal were seized. The execution of this warrant was part of an investigation into a burglary, auto theft, and [a] "chop shop" ring operating in Butler County. Based on the totality of the circumstances of the case, the Commonwealth believed that these items constituted derivative contraband and were therefore forfeitable under the Motor Vehicle Chop Shop and Illegally Obtained and Altered Property Act[2] and/or Pennsylvania common law. In addition to the items at issue in this case, numerous other items were seized in the course of this investigation and ownership of these other items has been litigated in various proceedings, including before this Court [in] [**Commonwealth v. Large**, No.] 1335 WDA 2008[, unpublished memorandum at 1-8 (Pa. Super. filed July 28, 2009)].

On March 2, 2007[,] Large was charged with numerous offenses relating to his involvement in this criminal enterprise. On September 12, 2007[,] Large entered into an open plea agreement to four felony counts of owning, operating, or conducting a chop shop.[3] On November 11, 2007, Large was sentenced to an aggregate sentence of six to twelve years of incarceration and ordered to pay a $300 fine and approximately $53,000 in restitution. Litigation not pertinent to the instant matter then ensued.

> [3] 18 P.S. §1.3[, repealed and] now [found at] 18 Pa.C.S.A. §7702.

The next event relevant for the purposes of this appeal occurred on February 17, 2015[,] when the Commonwealth filed a Petition for Forfeiture and Condemnation in the Court of Common Pleas of Butler County, which was docketed at CP-10-MD-54-2015. The following day, [the trial court] issued a Rule to Show Cause on [] Large and any other individual or entity with a possible claim on the property[,] to show [cause] why the

_(Footnote Continued)_ _____

cursory overview of the history underlying his appeal. Thus, we rely on the Commonwealth's more developed explanation.

[2] **See** 18 Pa.C.S. §§ 7701-7708.

Petition should not be granted. Although Large was served with this filing, there was no response. On January 8, 2016[,] the Commonwealth moved for an Order of Forfeiture, which was granted on January 11, 2016. On January 13, 2016[,] Large filed a Motion in Opposition to Order of Forfeiture…. In that Motion, Large alleged only that the Commonwealth's February 17, 2015 Petition had not been filed in a timely manner.

Commonwealth's Brief at 2-4 (some footnotes omitted).

On January 14, 2016, the trial court denied Large's "Motion in Opposition to Order of Forfeiture." Large then filed a timely, *pro se* notice of appeal with this Court.[3] He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, presenting the following, verbatim issue:

On November 9th, 2006 property belonging to Andy Large was seized. An action of forfeiture was filed in 2015. Trial court erred in denying appellants motion in opposition to forfeiture due

_____

[3] We recognize "that, ordinarily, appeals from decisions in forfeiture actions fall under the jurisdiction of the Commonwealth Court." **Commonwealth v. Smith**, 722 A.2d 167, 169 (Pa. Super. 1998) (citing, *inter alia*, 42 Pa.C.S. § 762 (vesting jurisdiction in the Commonwealth Court over appeals from final orders entered by the trial court in civil actions commenced by the Commonwealth government)). However, this Court has also "declined to transfer an appeal to the Commonwealth Court where neither party timely objected to the jurisdiction of the Superior Court[,]" and where the interests of judicial economy weigh in favor of this Court's retaining jurisdiction. **Id.** (quoting **Commonwealth v. Griffin**, 595 A.2d 101, 104 (Pa. Super. 1991)). Because neither party in the present case questions the jurisdiction of this Court to hear Large's appeal, any challenge on this basis is waived, and we retain jurisdiction in the interest of judicial economy. **Id.** (citing Pa.R.A.P. 741(a) and **General Municipal Authority v. Yuhas**, 572 A.2d 1291, 1293 (Pa. Super. 1990) (stating that it is within a panel's discretion to decline to transfer a case even where the Commonwealth Court has exclusive jurisdiction over matters raised on appeal if neither party objects to the exercise of appellate jurisdiction by the Superior Court)).

to violation of procedural due process of law. An action of forfeiture was not commenced within the (2) year statute of limitation to do so according to 42 PaCSA § 5524.

Appellant's Rule 1925(b) Statement, 3/7/16.

In his brief to this Court, Large presents three claims for our review, two of which are encompassed within the issue he preserved in his Rule 1925(b) statement. *See* Large's Brief at 3 (stating two of his issues as: "Did [the] Commonwealth violate [] Larges [*sic*] rights by filing for forfeiture []nine years after seizing [the] property?" and "Did [the trial court] err in denying [] Large's motion in opposition to forfeiture?") (unnecessary capitalization omitted). However, Large's third issue, in which he claims that the Commonwealth "should have returned [the] property to [] Large that was not derivative contraband nor had nexus to [the] crime[,]" was not set forth in, nor suggested by, Large's Rule 1925(b) statement. *Id.* (unnecessary capitalization omitted). Thus, this claim is waived for our review.[4] *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

_____

[4] We also note that Large did not raise this claim in his "Motion in Opposition to Order of Forfeiture" filed on January 13, 2016. Therefore, it is waived on this basis, as well. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In regard to Large's preserved claims, we are guided by the following standard of review:

> The Court's review of a forfeiture proceeding is limited to examining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law.

*Commonwealth v. Funds in Merrill Lynch Account Owned by Peart*, 777 A.2d 519, 523 n.2 (Pa. Cmwlth. 2001) (citing *Strand v. Chester Police Department*, 687 A.2d 872 (Pa. Cmwlth. 1997)).

Here, Large argues that the Commonwealth's petition for forfeiture was filed outside the 2-year statute of limitations and, therefore, the court should have denied it. In rejecting Large's argument, the court concluded that he had waived this claim by failing to raise it in response to the Commonwealth's petition for forfeiture. The court stressed that the Commonwealth's petition, as well as a Rule to Show Cause issued by the court, were "served upon [Appellant] on or about February 24, 2015[,]" yet Appellant never filed a response. Trial Court Opinion, 5/25/16, at 1. The court further noted that,

> [o]nly after [it] issued the order granting forfeiture … on January 11, 2016 did [Appellant] file a Motion in Opposition to Order of Forfeiture. In *Commonwealth v. Romberger*, 474 Pa. 190, 378 A.2d 283, 286 (1977), the Supreme Court of Pennsylvania explains, "it is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and it is not raised it is waived and will not be considered on a review of that proceeding."

*Id.* at 1-2 (one internal citation omitted). For these reasons, the court deemed Large's challenge to the order granting forfeiture waived and, consequently, it denied his "Motion in Opposition to Order of Forfeiture."

On appeal, Large offers no response to the trial court's conclusion that he waived his statute-of-limitations challenge to the Commonwealth's petition for forfeiture. Notably, Large acknowledges that he was served with a copy of that petition. *See* Large's Brief at 6. The record also reveals that the forfeiture petition contained a "Notice to Answer Petition for Forfeiture and Condemnation" that explicitly informed Large that he was "required to file an answer to [the] petition, setting forth [his] title in, and right to possession of, said property within thirty (30) days from the service hereof…." *See* Petition for Forfeiture and Condemnation, 2/17/15, at 1 (unnumbered; unnecessary capitalization omitted). The notice attached to the petition further declared that "if [Large] fail[ed] to file said answer, a decree of forfeiture and condemnation [would] be entered against said property." *Id.* (unnecessary capitalization omitted).

Thus, it is clear that Large received explicit notice that he was required to file an answer to the Commonwealth's forfeiture petition, and he also was informed that forfeiture would be granted if he failed to do so. Nevertheless, Large made no effort to assert his claim that forfeiture was time-barred by the statute of limitations until *after* the court issued the order granting forfeiture in January of 2016, nearly one year after the Commonwealth's forfeiture petition was filed. Large offers no explanation for his failure to file

a response to the Commonwealth's petition, nor any argument that the court erred by concluding that he waived his statute-of-limitations claim by failing to do so. In light of this record, Large has not demonstrated that the trial court abused its discretion or committed an error of law by denying his "Motion in Opposition to Order of Forfeiture."

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/2016</u>