J-S43025-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAUN CASEY FAIRMAN | |
| Appellant | No. 1834 WDA 2016 |

Appeal from the PCRA Order Dated November 15, 2016
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0001275-2012

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                FILED DECEMBER 22, 2017

Appellant Shaun Casey Fairman appeals from the order of the PCRA court reinstating his direct appeal rights and denying all other claims raised under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546. We vacate and remand.

The PCRA court summarized the factual and procedural history as follows:

> At the time of [Appellant's] arrest he was estranged from his wife, Jessica Fairman, who continued to stay at their marital home. Late in the evening of June 2, 2012, [Appellant] returned to the marital residence where Mrs. Fairman and her parents, Richard E. Shotts and Candice Shotts, were also present. Upon [Appellant's] arrival, he was highly intoxicated and proceeded to approach the house, pound on the kitchen door, and demand to see his wife. When this occurred, a confrontation ensued between [Appellant] and Richard Shotts, who denied [Appellant] entry to the home. After Shotts denied [Appellant] entry,

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] attempted to force his way into the home and fired a gun into the kitchen door. Following this unsuccessful attempt at entry, [Appellant] fired through the kitchen window, fatally striking Shotts, and then gained entry via the broken window. Once inside, [Appellant] went upstairs and was shot twice in the shoulder by his estranged wife, who then called the Pennsylvania State Police.

Following a jury trial, [Appellant] was found guilty of the offenses of Murder of the second degree; Aggravated Assault – Causing Serious Bodily Injury, a felony of the first degree; Burglary of an Occupied Structure When a Person Was Present, a felony of the first degree; and Aggravated Assault – Bodily Injury Caused With a Deadly Weapon, a felony of the second degree. For the offense of Murder of the Second Degree, [Appellant] was sentenced to incarceration for the rest of his natural life without parole. As to the offense of Aggravated Assault – Causing Serious Bodily Injury, [Appellant] was sentenced to incarceration for a period of not less than five (5) years nor more than twenty (20) years; for the offense of Burglary, [Appellant] was sentenced to incarceration of not less than three and a half (3½) years nor more than twenty (20) years; and for the offense of Aggravated Assault – Bodily Injury Caused with a Deadly Weapon, [Appellant] was sentenced to incarceration for not less than sixteen (16) months nor more than ten (10) years, with the sentences running concurrently.

PCRA Court Opinion, 11/15/16, at 1-2. Appellant filed a direct appeal on July 11, 2013, and this Court affirmed his judgment of sentence. Commonwealth v. Fairman, 97 A.3d 797 (Pa. Super. 2014) (unpublished memorandum).

On February 27, 2015, Appellant filed a petition for post-conviction relief. The PCRA court[1] appointed counsel on March 27, 2015. Counsel filed an amended petition on January 4, 2016. The PCRA court held a hearing on

_____

[1] The Honorable William J. Martin, sitting as the PCRA court, also presided at Appellant's jury trial.

the petition on July 6, 2016. On November 15, 2016, the PCRA court issued an opinion and order in which it denied relief with respect to two issues raised by Appellant regarding alleged ineffective assistance by his trial counsel — the failure to file a motion to suppress statements made to the police, and the failure to argue case law when his plea agreement was rejected. However, the court granted Appellant relief on Appellant's third issue — that his "appellate counsel was ineffective for failing to argue that the convictions for murder of the second degree and burglary were against the weight of the evidence." PCRA Court Opinion, 11/15/16, at 2, 4-5. The PCRA court explained:

> At the [PCRA] hearing . . ., the parties stipulated to the fact that this [weight of the evidence issue] was not raised. The parties also stipulated to the fact that [Appellant] was not notified by appellate counsel of the Superior Court decision affirming his conviction until approximately eight (8) months after it was entered. Finding that [Appellant] did not receive adequate notice of the status of his appeal, the Court finds it proper to reinstate his appellate rights.

Id. at 4-5.

The Commonwealth did not appeal from the PCRA court's reinstatement of Appellant's appellate rights so that he could raise the weight of the evidence issue.

Appellant filed a timely appeal on November 28, 2016. On January 9, 2017, the PCRA court adopted its November 15, 2016 opinion as its Pa.R.A.P. 1925(a) opinion. On appeal, Appellant raises two issues, which we repeat verbatim:

- 3 -

1. Was the weight of the evidence in favor of [Appellant] on the charges of Murder in the Second Degree and Burglary?

2. Was Defense Counsel ineffective counsel when they failed to file a suppression motion to exclude any prejudicial/damaging statements [Appellant] made to the arresting officers, including his confession, while [Appellant] was intoxicated, [and] suffering the effects of blood loss and mental illness?

Appellant's Brief at 4.

## Weight of the Evidence

In his first issue, Appellant challenges the weight of the evidence supporting his second degree murder and burglary convictions. That issue is not properly before us, and we therefore do not address it.

Appellant's counsel failed to raise the weight issue following Appellant's conviction. The PCRA court agreed with Appellant that his counsel was ineffective in failing to raise the weight issue,[2] and it therefore

_____

[2] Our review of the record reveals that following Appellant's conviction, trial counsel did not preserve the weight claim pursuant to Pa.R.Crim.P. 607(A) by asserting it in a motion for a new trial. Appellate counsel then was ineffective in failing to present the weight claim on appeal. Counsel did include the issue in a Rule 1925(b) Statement, which caused the trial court then to address the issue in a Rule 1925(a) opinion, but a failure to preserve a weight claim in a Rule 607(A) motion is fatal to the claim, regardless of any later discussion of the issue in Rule 1925 filings. Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009). On appeal, Appellant's counsel failed to include the weight issue in the statement of questions in his appellate brief, and, as a result, this Court did not address it in our memorandum affirming Appellant's judgment of sentence on direct appeal. See Fairman (unpublished memorandum). In reinstating Appellant's right to present this issue in a new appeal, the PCRA court's discussion focused on the ineffectiveness of appellate counsel. The PCRA court found ineffectiveness in failing to pursue the weight issue, and, as noted in the text, the Commonwealth does not contest that ruling or the PCRA court's reinstatement of Appellant's right to raise the weight issue.

reinstated Appellant's right to assert the weight issue in a new appeal. But an appeal raising a weight issue seeks review of the trial court's exercise of discretion in denying an appellant's motion for a new trial; we do not consider weight issues de novo and do not review the underlying question of whether the verdict is against the weight of the evidence. Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994). Here, the trial court has not exercised its discretion regarding whether to grant Appellant a new trial in light of his weight claim because Appellant has not made a post-trial motion presenting that claim to the trial court.[3] We therefore have no decision on the weight issue to review. We cannot address the weight of the evidence until the trial court has first had a proper opportunity to do so. Commonwealth v. Hankerson, 118 A.3d 415, 420 (Pa. Super. 2015); see Commonwealth v. Romberger, 378 A.2d 283, 286 (Pa. 1977).

Because Appellant improperly filed a direct appeal raising his weight issue without first raising that issue with the trial court,[4] we must remand this case to the trial court to determine whether Appellant may now raise the

_____

[3] Although the trial court discussed the weight issue in its Rule 1925(a) opinion preceding Appellant's direct appeal following his conviction in 2013, it did not rule on a motion properly presenting that issue because no such motion was filed under Rule 607(A).

[4] Because the PCRA court did not expressly state whether it was restoring Appellant's right to file a post-trial motion, we do not deem Appellant's failure to do so prior to filing his appeal a waiver of his rights regarding this issue.

weight issue there and, if so, for the trial court to then decide the weight issue.

Although the filing of a Rule 607(A) post-trial motion is an essential prerequisite to presentation of a weight issue on appeal, see Pa.R.Crim.P. 607(A), the PCRA court did not explicitly state whether it was restoring Appellant's right to file such a motion. We acknowledge that the PCRA court's restoration of Appellant's right to present his weight issue on appeal would make little sense unless the PCRA court also intended to restore Appellant's right to raise the weight issue in a new post-trial motion, and we expect that this is what the PCRA court intended. However, in view of the Supreme Court's instruction in Commonwealth v. Liston, 977 A.2d 1089, 1093 (Pa. 2009), that restoration of a right to file a post-trial motion is not automatic, we vacate the PCRA court's order and remand for the PCRA court to clarify whether it intended to restore Appellant's right to file a post-trial motion raising the weight claim.[5]

_____

[5] In Liston, the Pennsylvania Supreme Court held that reinstatement of a defendant's direct appeal rights does not automatically reinstate a defendant's right to file post-trial motions nunc pro tunc. 977 A.2d at 1093. In a footnote, the Court added:

> Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions nunc pro tunc. If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, see Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file

(Footnote Continued Next Page)

If, on remand, the PCRA court reinstates Appellant's right to file a post-trial motion raising the weight claim, Appellant may then file such motion and, if that motion is denied, Appellant may file a direct appeal raising the weight claim. Only then may this Court address whether the trial court abused its discretion in ruling on the claim.

### Failure To Move To Suppress Statements to Police

In his second issue, Appellant argues that trial counsel was ineffective for failing to file a motion to suppress statements he made to police after the shooting because the statements, which were made while he was legally intoxicated, "in pain due to being shot," and "extremely depressed," were prejudicial. Appellant's Brief at 32-35. We conclude that the PCRA court lacked jurisdiction to rule on the merits of this claim, and thus we also lack jurisdiction to consider its merits.

This Court has explained:

> [W]e may sua sponte consider whether we have jurisdiction to consider the merits of the claims presented. When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition. A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final. Once the

(Footnote Continued) ————————————————

> them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

Id. at 1094 n.9 (emphasis added and some citations omitted). This case appears to fall within the class of cases anticipated by the Court in its footnote.

> PCRA court granted [the petitioner] the right to seek further review nunc pro tunc, [the petitioner's] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [the petitioner's] other requests for relief. Accordingly, until [the petitioner's] judgment of sentence becomes final in accordance with the procedural mechanisms recognized in 42 Pa.C.S.A. § 9545(b)(3), we lack jurisdiction to consider the merits of [the petitioner's] remaining ineffective assistance of counsel claims.

*Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) (citations omitted). The Court in *Harris* noted that its ruling was "without prejudice to [the petitioner] in PCRA proceedings that may commence after [the petitioner's] judgment of sentence becomes final." *Id.* at 6 n.4. Moreover, the Court noted that if the petitioner commenced PCRA proceedings after his judgment of sentence became final, the PCRA court could then use the evidentiary record developed in the prior PCRA proceeding. *Id.*

In light of *Harris*, we vacate that portion of the PCRA court's order denying Appellant's claim that his counsel was ineffective for failing to move to suppress his statements. If, after Appellant's judgment of sentence becomes final, Appellant files a PCRA petition raising ineffectiveness claims, the PCRA court may consider the evidentiary record already developed in relation to these claims, and may supplement the record if necessary.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   12/22/2017