328 A.2d 842
COMMONWEALTH of Pennsylvania, Appellant,
v.
Lawrence MURPHY, Appellee.

Supreme Court of Pennsylvania.
Submitted April 16, 1974.
Decided Oct. 16, 1974.

298

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Steven H. Goldblatt, Asst. Dist. Atty., Bonnie Leadbetter, Philadelphia, for appellant.

John Rogers Carroll, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

This is an appeal by the prosecution from a pre-trial order which suppressed all statements given to the police by the appellee, Lawrence Murphy, who was awaiting trial for the murder of one William Serepy. The victim's body was found on Woodland Avenue in Philadelphia on September 30, 1972. About four months later, in January of 1973, the appellee walked into a police station. When a police officer asked if he could help the appellee, the appellee replied "I think I killed a man on Woodland Avenue in November. I punched on him." Subsequently, appellee was advised of his constitutional rights and gave additional inculpatory statements to the police. The trial court found that the appellee was suffering from a mental disorder at the time he made the statements and concluded, therefore, that the appellee did not knowingly, intelligently, and voluntarily waive his constitutional rights. All of the appellee's statements were ruled inadmissible at trial.

The prosecution in this appeal challenges only the suppression of the statement made by the appellee when he initially arrived at the police station. Other suppressed statements made subsequent to his initial statement are, thus, not involved in this appeal.

The prosecution argues that the suppression of evidence prior to trial under Rule 323 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, should be limited to evidence obtained in violation of constitutional rights. We agree.

Rule 323(a) provides:

"The defendant or his attorney may make application to the court to suppress any *evidence* alleged to have

been *obtained in violation of the defendant's constitutional rights."*

(Emphasis added.)

The comment to Rule 323 explains the purpose and scope of the rule:

"The rule is designed to provide one single procedure for the suppression of evidence alleged to have been *obtained* in violation of the defendant's constitutional rights. It does not contemplate suppression of evidence simply because its *introduction* may be prejudicial or may even constitute harmful or plain error. The rule was revised to cover violations of *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964); *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); and *Gilbert v. California,* 388 U. S. 263, 87 S.Ct. 1951, 18 L.Ed. 1178 (1967) and others that may be decided by the Courts in the future, so long as they are *obtained* in violation of constitutional rights." (Emphasis in original.)

In this case, the trial court suppressed an unsolicited statement made by the appellee which was not obtained in violation of the appellee's constitutional rights. *See Commonwealth v. Yount,* 455 Pa. 303, 314 A.2d 242 (1974). Since Rule 323 limits pre-trial suppression orders to the suppression of evidence obtained in violation of constitutional rights, the trial court's order is vacated, insofar as it applies to the initial statement made by the appellee when he arrived at the police station. It is so ordered.

POMEROY, J., filed a concurring opinion.

EAGEN and O'BRIEN, JJ., concur in the result.

NIX, J., filed a dissenting opinion, in which JONES, C. J., and ROBERTS, J., join.

ROBERTS, J., filed a dissenting opinion, in which JONES, C. J., and NIX, J., join.

POMEROY, Justice (concurring).

I join in the opinion of the Court for the reasons set forth in the opinion of this writer announcing the decision of the Court in *Commonwealth v. Cunningham,* Pa., 322 A.2d 644 (1974).

NIX, Justice (dissenting).

I cannot accept the majority's conclusion that because Rule of Criminal Procedure 323 was designed to provide for pre-trial disposition of evidentiary objections based on constitutional grounds, it necessarily follows that this procedural rule divests the trial court of its inherent power to dispose of all other nonconstitutional evidentiary objections pre-trial. It has always been recognized that where an evidentiary ruling, even though not involving a constitutional issue, requires the taking of extensive testimony out of the hearing of the jury and is not dependent upon the posture of the proceeding at the time of its offer into evidence, it was within the sound discretion of the trial court to hear and determine the issue prior to the commencement of the trial. This power was considered incidental to the general authority vested in the trial judge to provide for an orderly disposition of the issues. Today's divestment of this formerly well-recognized authority is without foundation in reason and tends to detract from, rather than enhance, the orderly disposition of matters below.

The obvious benefit of pre-trial disposition of appropriate objections avoids the unnecessary prolonging of the trial and prevents a break in the continuity of the presentation of the evidence to the jury. I can perceive no reason to require the ruling to be confined to the trial

where the question of admissibility is not dependent upon the state of the record at the point at which the evidence is sought to be introduced.

Since this Court announced its exclusionary doctrine for violations of Rule 118 (now 130) in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), courts throughout this Commonwealth have heard these objections pre-trial and granted relief where the facts so indicated. This practice was not only known by this Court [1] but was at least implicitly approved by our grant of appellate review after a pre-trial determination where the ruling was adverse to the Commonwealth's presentation of its case. *Commonwealth v. Peters*, 453 Pa. 615, 306 A.2d 901 (1973). Under the majority's decision, the question of violation of Rule 118 (130) must now be decided during trial and the Commonwealth is foreclosed from appellate review where the ruling is adverse. Such a result, in my judgment, would not only be unfair to the people of this Commonwealth but also completely devoid of logic or reason.

Here the court found that the incriminatory utterances could not be admitted against appellee because of an absence of mental capacity at the time the statements were made. This decision in no way hinged upon the state of the record at the time the evidence was to be introduced. All of the information necessary to resolve the question was before the court. There was no reason to require that the objections and ruling be made and decided at trial or for this Court now to refuse to assess the propriety of the court's decision and to summarily vacate the order.

JONES, C. J., and ROBERTS, J., join in this Dissenting Opinion.

ROBERTS, Justice (dissenting).

---

1. See also: *Com. v. Blagman*, Pa., 326 A.2d 296 (1974), Roberts, J., concurring opinion joined by Jones, C. J., Nix, and Manderino, JJ. and *Com. v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974).

I agree with the views expressed in the dissenting opinion of Mr. Justice Nix. The procedure established by Pa.R.Crim.P. 323 is an eminently appropriate device for the expeditious disposition of evidentiary objections that do not depend on their trial context for decision, for example, challenges based on Pa.R.Crim.P. 130, see *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). While Rule 323 in terms provides only for objections on "constitutional" grounds, I see no reason why the suppression procedure need be restricted to "constitutional" claims. In my view, the Rule should be amended to make clear that appropriate challenges to admissibility, such as *Futch* claims, may be raised by a pre-trial motion to suppress.

However, as long as Rule 323 is in its present state, defendants who forego raising non-constitutional claims in pre-trial proceedings in reliance on the specific language of the Rule ought not to be deemed, under Rule 323(b), to have waived those claims. Manifestly, it would be unfair to apply the waiver principle against one who is not unambiguously notified that a pre-trial suppression hearing is an appropriate procedure for asserting his claims.

The question of mental capacity to make incriminating statements was clearly appropriate for disposition in a suppression hearing. Therefore, I dissent from the vacation of the suppression order.

JONES, C. J., and NIX, J., join in this Dissenting Opinion.