359 A.2d 786

COMMONWEALTH of Pennsylvania

v.

**Wayne PRITCHITT, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1976.

Decided July 6, 1976.

Prather G. Randle, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

As a result of a gang rivalry Gino Fernandez was ambushed and slain by a shot gun wound to the head and neck. Indictments for murder and other related offenses were returned against Wayne Pritchitt, appellant, and after trial by jury he was convicted of murder of the first degree. Appellant was also convicted of criminal conspiracy and certain weapons offenses. After denial of post trial motions by a court en banc a sentence of life imprisonment was imposed under the murder indictment and sentences were suspended as to the remaining convictions. These direct appeals followed.[1]

The single asserted claim for relief is that certain incriminatory admissions made during custodial interrogation and introduced against him at trial were improperly obtained in violation of Pa.R.Crim.P. 130.[2] We find that this objection has been waived and therefore affirm the judgments of sentence.

The trial was commenced in July 1974, over two years after our decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Despite the fact that the principles announced in *Futch* had been well established by the beginning of this trial[3] no at-

1. The appeal of the murder conviction is properly before this Court pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202. The convictions for the non-homicide charges were appealed to the Superior Court and subsequently certified to this Court for consolidation with the appeal then pending under the murder conviction.

2. We have reviewed the entire record of trial and are satisfied that the testimony presented was sufficient to support the verdicts returned.

3. *Commonwealth v. Dixon*, 454 Pa. 444, 311 A.2d 613 (1973); *In re Geiger*, 454 Pa. 51, 309 A.2d 559 (1973); *Commonwealth v.*

tempt was made to object to the introduction of these statements at trial based upon a violation of Rule 130.[4] The failure to preserve this objection at trial precludes appellate review of the issue at this point. We have consistently held that failure to raise an issue below in a timely matter forecloses review at the appellate stage. *Commonwealth v. Culberson*, 467 Pa. 424, 358 A.2d 416 (filed March 17, 1976); *Commonwealth v. Sweeney*, 464 Pa. 425, 347 A.2d 286 (1975); *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Spriggs*, 463 Pa. 375, 380, 344 A.2d 880, 882 (1975); *Commonwealth v. Wright*, 460 Pa. 247, 332 A.2d 809 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgments of sentence affirmed.

EAGEN, J., concurs in the result.

*Dutton*, 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Peters*, 453 Pa. 615, 306 A.2d 901 (1973); *Commonwealth v. Tingle*, 451 Pa. 241, 301 A.2d 701 (1973); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

4.  Appellant filed a pre-trial suppression motion under Pa.R.Crim. P. 323 on January 29, 1974, approximately two and one half years after *Commonwealth v. Futch, supra.* The thrust of the motion was the alleged existence of psychological and physical pressures which rendered the statements involuntary. Although the hearing judge in an opinion denying the motion cited our decision in *Commonwealth v. Futch, supra,* it is clear from the record that a specific violation of Rule 130 was not being asserted but rather the thrust of the argument was that the totality of the circumstances rendered the statements inadmissible.

Nevertheless, we do not premise our finding of waiver upon the failure of appellant to press the claim in the pre-trial proceeding in view of our decision in *Commonwealth v. Murphy*, 459 Pa. 297, 328 A.2d 842 (1974) (two Justices concurring in the opinion). Mr. Justice Roberts, in dissent joined by Mr. Chief Justices Jones and this writer, pertinently observed:

"However, as long as Rule 323 is in its present state, defendants who forego raising non-constitutional claims in pre-trial proceedings in reliance on the specific language of the Rule ought not to be deemed, under Rule 323(b), to have waived those claims. Manifestly, it would be unfair to apply the waiver principle against one who is not unambiguously notified a pre-trial suppression hearing is an appropriate procedure for asserting his claims." Id. at 303, 328 A.2d 845.

See also *Commonwealth v. Murphy, supra,* at 844 (dissenting opinion of Nix, J., joined by Jones, C. J., and Roberts, J.).