474 A.2d 294

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Samuel J. GEMELLI.**

Superior Court of Pennsylvania.

Argued Feb. 22, 1983.

Filed March 23, 1984.

Petition for Allowance of Appeal Denied July 10, 1984.

390

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellant.

Jay Nedell, Erie, for appellee.

Before SPAETH, BROSKY and JOHNSON, JJ.

JOHNSON, Judge:

This is a direct appeal by the Commonwealth from the trial court's oral order dated September 7, 1982 and written order and opinion filed September 24, 1982, both of which quashed twenty-seven criminal counts instituted against appellee Gemelli. The Commonwealth filed notices of appeal from both the oral and written orders, which appeals were subsequently consolidated.

Finding that the trial court improperly quashed the twenty-seven counts, we vacate the trial court's order filed September 24, 1982 and remand for further proceedings.

The procedural history discloses that on January 12, 1982 the Erie County Investigating Grand Jury returned a presentment against appellee, a former Erie City Police Chief, recommending that criminal charges be filed in connection with appellee's alleged improper removal of firearms from the Erie City Police Department Evidence Room. Pursuant to this presentment, criminal complaints were filed on January 19, 1982 consisting of twenty-eight counts of theft by unlawful taking,[1] one count of criminal conspiracy,[2] two counts of intimidating witnesses or victims[3] and one count of obstructing the administration of law or other governmental function.[4]

Following a preliminary hearing in March of 1982, appellee was held for court on all but three of the theft counts. On June 10, 1982, appellee filed an omnibus pretrial motion containing eleven separate grounds for relief. The Commonwealth filed an answer to the motion and a hearing was

1. 18 Pa.C.S. § 3921.

2. *Id.* § 903.

3. *Id.* § 4952.

4. *Id.* § 5101.

conducted on August 2, 1982. Thereafter, both parties filed briefs concerning additional issues on August 30, 1982.

On September 3, 1982, the trial court filed its initial opinion and order on the omnibus motion, quashing the two charges of intimidating witnesses or victims, quashing thirteen of the twenty-five theft charges on the basis of the statute of limitations, and denying the remainder of appellee's omnibus motion. The Commonwealth then petitioned for reconsideration and a hearing was held on September 7, 1982. At the close of testimony, the trial court reinstated the thirteen theft charges it had previously quashed on the basis of the statute of limitations and proceeded to quash all remaining counts of the information on other grounds.

Following the filing of its first notice of appeal and the trial court's filing of its September 24 written opinion and order, the Commonwealth again petitioned for reconsideration. Prior to the trial court acting on this petition, the Commonwealth filed its second notice of appeal. No action was taken thereafter by the trial court on the reconsideration petition.

The factual history reveals that appellee was Police Chief from 1972 until March of 1980. The investigation into the disappearance of firearms from the Evidence Room began with the arrest of police officer William Perry in January of 1981 on an unrelated charge. During an interrogation of Perry, who was a federally licensed firearms dealer, he told detectives that while employed as a police officer, he had taken weapons from the Evidence Room both with and without appellee's approval, purchased weapons in the Evidence Room from appellee, registered weapons from the Evidence Room for friends of appellee and provided numerous weapons to appellee from the Evidence Room at appellee's request. Perry also identified various property tags as being documents kept by the Police Department with respect to the missing firearms. Certain tags bore notations such as "escheat" or "destroyed". Perry testified that these notations were made, *inter alia*, for those weapons allegedly stolen by appellee in order to explain their

disappearance from the Evidence Room. Perry's firearms transaction records also revealed appellee's name.

Pursuant to information obtained from Perry, another firearms dealer, Gary Gerard, was questioned. Gerard eventually conceded that he had dealt in firearms with appellee. Gerard consented to a number of electronic interceptions between himself and appellee in March of 1981 and testified as to the substance of those conversations at the preliminary hearing. Transcripts of these conversations were also introduced at the preliminary hearing. These conversations revealed, *inter alia*, that appellee had requested Gerard to dispose of certain firearms given to him by appellee and to eliminate all references to appellee in Gerard's records of his firearms transactions. A statement was also introduced concerning conversations between appellee and one Victoria Ann Rieder in March of 1981, to whom appellee had allegedly sold a stolen handgun in November of 1978 and then requested that she disavow any knowledge of the fact that the handgun had been sold, as opposed to given as a gift, to Rieder.

Preliminarily, we note that an appeal from these orders by the Commonwealth is proper at this time. Where a trial court's order, if unreversed, would result in the termination of prosecution, an appeal by the Commonwealth is proper. *Commonwealth v. Kazior*, 269 Pa.Super. 518, 410 A.2d 822 (1979).

The Commonwealth presents fourteen issues on this appeal, which we summarize as follows:

I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RAISING, *SUA SPONTE*, THE QUESTION OF WHETHER APPELLEE SHOULD HAVE BEEN CHARGED WITH VIOLATING THE ESCHEAT LAW INSTEAD OF WITH THEFT BY UNLAWFUL TAKING, AND THEREAFTER QUASHING THE ENTIRE CRIMINAL INFORMATION IN LARGE PART UPON THIS GROUND?

II. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN QUASHING THE ENTIRE CRIMINAL INFORMATION ON THE BASIS THAT THE COMMONWEALTH HAD ERRED IN FILING CHARGES OF THEFT BY UNLAWFUL TAKING INSTEAD OF ESCHEAT LAW VIOLATIONS?

III. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE ESCHEAT LAWS APPLIED TO ALL TWENTY–FIVE COUNTS OF THE INFORMATION CHARGING THEFT OF FIREARMS?

IV. WHETHER THE TRIAL COURT ERRED IN QUASHING THE CRIMINAL INFORMATION AFTER HAVING PREVIOUSLY RULED THAT THE FACTS OF RECORD DID NOT ALLOW A DETERMINATION TO BE MADE AS TO WHETHER APPELLEE SHOULD HAVE BEEN CHARGED WITH AN ESCHEAT VIOLATION INSTEAD OF WITH THEFT?

V. WHETHER THE CLAIM THAT APPELLEE WAS CHARGED IMPROPERLY WITH THEFT BY UNLAWFUL TAKING INSTEAD OF WITH ESCHEAT LAW VIOLATIONS WAS WAIVED BY TRIAL COUNSEL WHERE HE FAILED TO RAISE IT IN A PRE–TRIAL MOTION?

VI. WHETHER THE TRIAL COURT ERRED IN QUASHING COUNT TWENTY–FIVE OF THE INFORMATION CHARGING INTIMIDATION OF WITNESS OR VICTIM–VICTORIA ANN RIEDER?

VII. WHETHER THE TRIAL COURT ERRED IN QUASHING COUNT TWENTY–SIX OF THE INFORMATION CHARGING INTIMIDATION OF WITNESS OR VICTIM–GARY GERARD?

VIII. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RAISING, *SUA SPONTE,* THE ISSUE OF WHETHER 18 Pa.C.S.

4952, INTIMIDATION OF WITNESSES OR VIC-
TIMS, REQUIRES PROOF OF AN ELEMENT
OF COERCION?

IX. WHETHER THE TRIAL COURT COMMITTED
REVERSIBLE ERROR BY RAISING, *SUA
SPONTE*, THE ISSUE OF WHETHER OR NOT
APPELLEE'S CONDUCT COULD BE EXCUSED
AS DE MINIMUS UNDER 18 Pa.C.S. 312?

X. WHETHER THE TRIAL COURT COMMITTED
REVERSIBLE ERROR AND AN ABUSE OF
DISCRETION IN QUASHING THE CRIMINAL
INFORMATION, IN PART, UPON THE FIND-
ING THAT APPELLEE'S CONDUCT WAS DE
MINIMIS, 18 Pa.C.S. 312?

XI. WHETHER THE TRIAL COURT COMMITTED
REVERSIBLE ERROR BY RAISING, *SUA
SPONTE*, THE ISSUE OF WHETHER THE POS-
SIBILITY THAT ESCHEATABLE FIREARMS
ARE SUBJECT TO DESTRUCTION MAKES
THOSE FIREARMS "VALUELESS" THEREBY
PRECLUDING CONVICTION OF AN INDIVID-
UAL FOR THEFT OF THOSE FIREARMS?

XII. WHETHER THE TRIAL COURT COMMITTED
REVERSIBLE ERROR BY RAISING *SUA
SPONTE*, THE ISSUE OF WHETHER THEFT IS
A CRIME AGAINST OWNERSHIP INSTEAD OF
AGAINST POSSESSION?

XIII. WHETHER THE TRIAL COURT ERRED IN
QUASHING THE CONSPIRACY COUNT?

XIV. WHETHER THE TRIAL COURT ERRED IN
QUASHING THE OBSTRUCTING ADMINIS-
TRATION OF LAW OR OTHER GOVERNMEN-
TAL FUNCTION COUNT?

## I.—V.

The first five issues raised by the Commonwealth concern
the propriety of the trial court's quashing of the remaining
twenty-seven counts against appellee in part on the basis

that appellee should have been charged with violating the Escheat Law [5] instead of theft by unlawful taking.

Appellee filed his initial omnibus pretrial motion on June 10, 1982 after being granted an extension of time to file said motion. Nowhere in that omnibus motion is the issue raised [6] that appellee should have been charged with violations under the Escheat Law rather than theft by unlawful taking.

Pa.R.Crim.P. 306 states, in part:

### Rule 306. Omnibus Pretrial Motion for Relief

(a) All pretrial motions for relief shall be in writing and, unless otherwise required in the interests of justice, shall be presented together in one omnibus pretrial motion.

.       .       .       .       .

(e) All grounds for the relief demanded shall be stated in the motion and failure to state a ground shall constitute a waiver thereof.

The comment to Rule 306 states that the omnibus motion shall include motions to quash any indictment or information. A claim that the information or indictment charges the defendant with the wrong crime must be made by written pretrial motion to quash. *See Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980); *Commonwealth v. Williams*, 252 Pa.Super. 587, 384 A.2d 935 (1978). Also, Rule 306(e) *requires* that all grounds for

---

**5.** Disposition of Abandoned and Unclaimed Property Act, Act of August 9, 1971, P.L. 286, No. 74, § 1 et seq., 27 P.S. § 1–1 et seq., repealed, Act of December 9, 1982, P.L. 1057, No. 248, § 5, 72 P.S. § 1301.29. The current act is found at 72 P.S. § 1301.1 et seq.

  The trial court determined, inter alia, that the charges should have been brought under the Escheat Law rather than by 18 Pa.C.S. § 3921. It based this conclusion on a determination that the provisions of the Escheat Law were more specific. *See Commonwealth v. Vukovich*, 301 Pa.Super. 111, 447 A.2d 267 (1982) ("It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available.")

**6.** To the extent that the trial court's opinion filed September 3, 1982 states that the issue was raised in part six of appellee's omnibus motion, it is incorrect.

claiming indictments or informations defective must be stated in an application to quash, and if not so stated must be deemed waived. *Commonwealth v. Williams, supra.*

██ Appellee argues that this issue was briefed and argued by the parties subsequent to the August 12, 1982 hearing on his original omnibus motion. However, no *written* motion including this issue was filed until September 8, 1982, the day *after* the trial court's oral order quashing the remaining counts of the information. Hence, this supplemental omnibus motion was untimely. *See* Pa.R.Crim.P. 307.[7]

██ The decision to grant or deny a motion to quash is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion. *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369 (1980). However, the record in the instant case clearly reveals that appellee failed to properly preserve this issue by its inclusion in a timely omnibus pretrial motion. Therefore the issue has been waived. As such, the trial court erred in ruling on an issue which had been waived by appellee.[8]

7. Pa.R.Crim.P. 307 states, in part:

**Rule 307. Time for Omnibus Pretrial Motion and Service**

Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within thirty (30) days after arraignment, unless opportunity therefor did not exist, or the defendant, or his attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Appellee has not argued that he or his attorney were unaware of the issue at the time of filing his initial omnibus motion. Nor has he argued that the filing of a written motion concerning this issue at a time other than as required by Rule 307 was necessary in the interests of justice. Pa.R.Crim.P. 306(a).

8. The Commonwealth also argues that the trial court raised the issue *sua sponte.* While the law is clear that the trial court may not raise issues *sua sponte, Commonwealth v. Waters*, 491 Pa. 85, 418 A.2d 312 (1980), we need not decide how this issue came before the trial court in light of our determination that it had been waived by appellee by his failure to properly preserve it by means of his written omnibus pretrial motion.

## VI.—VIII.

█  The sixth through eighth issues concern whether the trial court erred in quashing the two counts of intimidation of witnesses or victims, 18 Pa.C.S. § 4952.

The record indicates that the trial court quashed these counts by its written order filed September 3, 1982. Although the Commonwealth filed a motion for reconsideration of this September 3 order, no averment was made by the Commonwealth in that reconsideration motion that the trial court had erred in quashing the intimidation counts. The two notices of appeal filed by the Commonwealth were from the trial court's oral order of September 7 and written order of September 24. Neither of these two orders affirmed or modified the trial court's previous ruling on the intimidation counts. Therefore, as the Commonwealth failed to either appeal the September 3 order directly or include in its motion for reconsideration the trial court's alleged error in quashing the two counts of intimidation, these issues have not been properly preserved for appellate review. *See* Pa.R.A.P. 302(a).

## IX.—X.

The Commonwealth next argues that the trial court erred (1) in raising the issue of whether these charges were *de minimis* infractions *sua sponte* or, in the alternative, (2) by quashing the entire information based, in part, on the *de minimis* infraction statute, 18 Pa.C.S. § 312.

The statute sets forth:

### § 312.  De minimis infractions

(a) **General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was

Also, appellee's waiver of this issue by his failure to include it in a timely pretrial motion precludes him from asserting it in any subsequent proceeding. *See Commonwealth v. Harper,* 292 Pa.Super. 192, 197 n. 5, 436 A.2d 1217, 1220 n. 5 (1981).

infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

**(b) Written statement**—The court shall not dismiss a prosecution under this section without filing a written statement of its reasons, except that if the attorney for the Commonwealth is the moving party for such dismissal no such written statement need be filed.

■ The Commonwealth's first argument concerning this issue is meritless, as neither the statute nor case law requires a defendant to preserve the issue of *de minimus* infractions by means of inclusion in an omnibus motion. On the contrary, the language of the statute requires the trial court to dismiss the prosecution on its own accord, upon a determination that the defendant's conduct involved *de minimus* infractions. *See Commonwealth v. Kindness*, 247 Pa.Super. 99, 107 n. 5, 371 A.2d 1346, 1350 n. 5 (1977) (dictum).

■ Concerning the merits of the issue, the trial court determined that sections (a)(2) and (a)(3) of the statute applied to the instant facts. The court based this holding on, inter alia, (1) the fact that the charges more properly fell under the Escheat Law, rather than theft, (2) that the weapons were valueless and therefore not "property", as defined by the theft statute, (3) that the Commonwealth's proof of ownership of the weapons was inconclusive and (4) that, because the Department of Revenue was not interested in taking possession of the weapons as permitted under the Escheat Law, there were presented extenuating circumstances not warranting a criminal conviction. We disagree.

Appellee is alleged to have illegally removed firearms from the Erie City Evidence Room. He is also alleged to have personally profited from his sale of various firearms so removed. Evidence also reveals that appellee attempted to cover up the removal and sale of firearms after appellee became aware of the investigation into the disappearance of the firearms.

We perceive absolutely no basis for dismissing such serious allegations as merely *de minimus* infractions. This is especially true in light of our holding *supra* that the issue of the application of the Escheat Law has been waived by appellee's failure to properly preserve said issue in his omnibus motion. As to the trial court's determination that appellee's conduct was *de minimus* because of the lack of value of the firearms, in *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980), this court determined that defendant's shoplifting of $1.79 worth of merchandise did not warrant dismissal of retail theft charges as *de minimus.*

## XI.—XII.

The Commonwealth argues, in issues eleven and twelve, that the trial court erred in quashing the theft counts, in part, based on a *sua sponte* determination (1) that the firearms were valueless and (2) that the Commonwealth's evidence as to ownership of the firearms was inadequate.

Appellee's omnibus motion makes no mention of the value or ownership of the firearms; therefore, it is apparent that the trial court improperly raised the issue *sua sponte.* In any event, the trial court's determination to quash the theft counts on these bases was improper because the inadequacy, incompetency or even illegality of the Commonwealth's evidence does not constitute grounds for quashing an information. *Commonwealth v. Meoli*, 307 Pa.Super. 50, 452 A.2d 1032 (1982). Therefore, whether appellee properly raised these issues in his omnibus motion or not, the trial court erred in quashing the information based on the alleged inadequacy of the Commonwealth's evidence of value and ownership.

### XIII.—XIV.

■ The final two issues raised by the Commonwealth allege that the trial court erred in quashing the counts alleging conspiracy and obstructing administration of law or other governmental function.

We note that the trial court quashed these counts as related to the theft counts which it had previously determined to quash for reasons discussed *supra* in this opinion. As the trial court erred in quashing the theft counts, the order quashing these two counts must be vacated as well.

That portion of the trial court's order filed September 24, 1982 which quashed the remaining 27 counts of the information is vacated and the case remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction is not retained.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I agree with the result reached by the majority, but wish to address its treatment of appellant's issues I—V and VI—VIII.

As to issues I—V, the majority holds that the lower court erred in ruling on the issue that appellee should have been charged with violations under the Escheat Law rather than with theft by unlawful taking because that issue had not been preserved by its inclusion in a timely, written omnibus pretrial motion. However, appellee argues that the Commonwealth has waived this claim of error by failing to raise it below. In other words, appellee contends that the Commonwealth has waived the issue of appellee's waiver.

Case law in this jurisdiction has consistently held that the cornerstone of our waiver doctrine is that issues below not raised *in a timely manner* are foreclosed for purposes of appellate review. *Commonwealth v. Pritchitt*, 468 Pa. 10, 359 A.2d 786 (1976). In the vast majority of cases, the rubric "in a timely manner" requires contempo-

raneous objection; and our rules and cases rigorously enforce the contemporaneous objection rule.

But contemporaneity of objection is not insisted upon as a value in itself, rather it is required as the most convenient method of preventing a party from permitting error to insinuate itself into the record and complaining thereafter.

*Commonwealth v. Griffin,* 271 Pa.Super. 228, 236–37, 412 A.2d 897, 901 (1979) (citations omitted); see Pa.R.A.P. 302(a) (issues not raised in the lower court are waived).

What is insisted upon, however, is that appellate review be preceded by an opportunity for the lower court to correct any trial errors. *Commonwealth v. Dessus,* 262 Pa.Super. 443, 396 A.2d 1254 (1978). Therefore, I agree with appellee that if the Commonwealth failed to raise the lower court's error in considering a waived issue in time for the court to correct that error, then the Commonwealth has not preserved that claim of error on appeal.[1] However, I do not find such to be the case.

As noted in the majority opinion, appellee filed his initial omnibus pretrial motion which did not raise the issue that he had been charged with the wrong crime, on June 10, 1982. This motion was untimely and appellant, in its answer to the motion, objected to consideration of any issue raised in it on this basis. Certainly, then, the lower court was made aware that this pre-trial motion was untimely and thus, that any such future motion would also necessarily be untimely.[2] Moreover, appellant also incorporated its objection in its motion for reconsideration of the trial court's

---

**1.** Cf. *Commonwealth v. Murphy,* 305 Pa.Super. 246, 451 A.2d 514 (1982), in which the Court in determining that the trial judge had improperly raised an issue sua sponte noted that the prosecutor had continually pointed out that the issue was not raised by the defendant and was consequently not before the court.

**2.** Appellee states that he first raised the issue in question subsequent to the hearing on his June 10, 1982 original omnibus motion in an oral motion which was followed by a September 8, 1982 written motion. The Commonwealth states that this motion was never served upon it and I note that it contains no affidavit or other proof of service and bears the signature of no judge.

September 14, 1982 order. Thus, I disagree with appellee's argument that appellant waived this issue.

As to issues VI—VIII, I agree with that portion of the majority's discussion holding that we cannot consider appellant's issues raised in conjunction with the lower court's order of September 3, 1982 because no appeal was ever filed from that order. However, having made that determination, I disagree that appellant's further failure to raise these issues in its motion for reconsideration of the September 3 order is of any consequence. Although I believe it is somewhat questionable whether appellant would have had to have done so to preserve these issues for appeal, that question is moot since appellant, in fact, did not appeal the September 3 order. Thus, I believe we are unable to consider these issues not because they have not been preserved for appeal in the sense of having been waived under Pa.R.A.P. 302(a), but because we have no jurisdiction to consider the September 3 order since no appeal was taken from it.