J-S28023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: H.J.-D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 700 MDA 2022 |

Appeal from the Order Entered April 22, 2022
In the Court of Common Pleas of Lycoming County Juvenile Division at
No(s):  CP-41-DP-0000033-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED:  OCTOBER 3, 2022**

In this dependency matter, D.J. ("Mother") appeals from the order[1] terminating court supervision of her daughter, H.J.-D. ("Child"), and discharging temporary legal and physical custody of Lycoming County Children & Youth Services ("CYS"). The order found Child was no longer dependent due to reunification with T.D. ("Father") and alleviation of the circumstances necessitating dependency and placement. Mother argues that the trial court erred in terminating court supervision and placing Child with Father as it was not in Child's best interest. We affirm.

The trial court summarized the procedural and factual history as follows:

---

[1] While dated April 22, 2022, the order was not entered for purposes of Pa.R.C.P. 236(b) until May 4, 2022, upon docketing of notice of the order. ***See*** Pa.R.A.P. 108(a) (providing that an order is entered as of "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Pa.R.C.P.] 236(b)".).

On July 14, 2021, [CYS] was verbally granted the authority to take emergency protective custody of [Child] [who was born in July 2012]. On July 15, 2021, a Confirmation of Verbal Order for Emergency Protective Custody was entered, finding that allowing [Child] to remain in the home of [Mother] would be contrary to her welfare. At the time of the scheduled Shelter Care hearing, the Agency withdrew its Application as [Child] had been placed in the physical and legal custody of a fit and willing relative and services from the Agency were no longer necessary.

On January 24, 2022, the Agency filed a Dependency Petition alleging [Child] was without proper parental care or control pursuant to 42 Pa.C.S.[A.] § 6302. The family member with whom [Child] and her siblings were placed was kicked out of the home and [Mother] was in the process of being evicted. There were concerns with truancy, and when she and her sister attended school[,] they were often not picked up by a caregiver. [Mother] failed to take [Child] to a dentist appoint[ment]. [Mother] was behind on her rent and was not cooperative with Outreach services. At the time of the filing of the petition, the father of [Child] was unknown.

A dependency hearing was held on February 9, 2022, at which time the [c]ourt found by clear and convincing evidence that [Child] was without proper parental care or control, subsistence, education as required by law, or other care or control necessary for her physical, mental, emotional health or morals. The [c]ourt further found that it was in the best interest of [Child] to be removed from [Mother]'s home. Physical and legal custody of [Child] was granted to the Agency. At the Dependency hearing, [Father] was identified as [Child]'s biological father, and Tiffani Kase, Esquire, was appointed counsel on February 16, 2022.

On March 21, 2022, the Agency filed a Motion for Modification of Child's Placement, indicating that following the Dependency hearing, a caseworker located Father in Philadelphia. The caseworker visited Father's home on March 16, 2022, and found his home to be appropriate with no safety concerns. The Agency, Father, and [Guardian *ad Litem*] concurred with the Motion. [Mother] objected and a hearing was scheduled. On March 21, 2022, the Agency also filed a Motion to Vacate Dependency and Terminate Services. After a hearing on April 6, 2022, at which time [Child] indicated that she was excited to get to know Father but hesitant to leave her sisters and move in with him as she had no prior relationship with him, this [c]ourt declined to grant the

Agency's motion, but did approve periods of visitation at Father's home, including [Child]'s spring break from school and every other weekend until the next permanency review hearing.

On April 22, 2022, the Agency again filed a Motion for Modification of Child's Placement and a Motion to Vacate Dependency and Terminate Services. The Motion for Modification of Placement alleged that [Child]'s current resource home was struggling with the placement of [Child] and her siblings in their home, and that [Child] had a successful spring break visit with Father, where she was able to meet several family members and was eager to return. The Motion alleged that Father was a fit, willing, and appropriate parent and wanted custody of [Child].

Following a hearing on April 29, 2022, the [c]ourt granted the Agency's Motion to Modify Placement[] and placed [Child] in the legal and physical custody of Father. Additionally, the [c]ourt entered an Order for Termination of Court Supervision, as court-ordered services from the Agency were no longer needed. [The court further found Child no longer dependent due to reunification with Father and alleviation of the circumstances necessitating dependency and placement.] In its Order, the [c]ourt noted that although dependency had been terminated, the [c]ourt strongly encouraged Father to take proactive steps to ensure that [Child] maintained contact with her sisters.

Trial Ct. Op., 6/8/22, at 2-4 (unpaginated) (footnote omitted).

Mother timely appealed the order terminating supervision. Both Mother and the trial court complied with Pa.R.A.P. 1925. Mother raises the following issue:

Whether the trial court erred in terminating court supervision of [Child] and placing [Child] with her biological father because it is not in her best interest because she has no bond with [Father], she will be separated from her sisters and mother, and there has been an insufficient investigation by the agency to demonstrate that [Child]'s needs, welfare, safety, protection, and physical, mental, and emotional welfare would be served by placing her with her father[?]

Mother's Br. at 7 (suggested answer omitted).

In a dependency proceeding, we accept the trial court's factual findings so long as they are supported by the record. *In re S.J.-L.*, 828 A.2d 352, 355 (Pa.Super. 2003). However, "we are not bound by the trial court's inferences, deductions, and conclusions" from its factual findings. *Id.* (cleaned up). Rather, we exercise our independent judgment and "must order whatever right and justice dictate." *Id.* (cleaned up).

Mother maintains that the termination of court supervision and the placement of Child with Father was not in Child's best interest. She argues:

> The trial court erred in prematurely terminating court supervision of [Child] and placing her with her biological father because it is not in her best interest. This is because she has no bond with her father, she is separated from her mother and her sisters, and there has been an insufficient investigation by the Agency to demonstrate that [Child]'s needs, welfare, safety, protection, and physical, mental, and emotional welfare would be served by placing her with her father.

Mother's Br. at 13.

To the extent that Mother contests Child's placement with Father, Mother failed to appeal the trial court's order granting CYS' motion for modification of placement and awarding Father legal and physical custody. As such, she has waived any challenge the court's transfer of legal and physical custody to Father. *See Commonwealth v. Gemelli*, 474 A.2d 294, 300 (Pa.Super. 1984) (issue waived where Commonwealth failed to appeal the appropriate order). Mother may nonetheless petition to modify custody. *See In re S.H.*, 71 A.3d 973, 980 (Pa.Super. 2013).

Mother's challenge to the termination of court supervision lacks merit. A "dependent child" includes a child who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals." 42 Pa.C.S.A. § 6302. If an allegedly dependent child's custodial parent is unable to provide proper parental care and control, but the non-custodial parent is available to provide such care, the child is not a dependent child. *In re M.L.*, 757 A.2d 849, 851 (Pa. 2000). In such a case, "the court must grant custody of the allegedly dependent child to the non-custodial parent." *Id.* (quoting *In the Interest of Justin S.*, 543 A.2d 1192, 1200 (Pa.Super. 1988)).

The Rules of Civil Procedure apply this concept to allow termination of dependency if the court finds that a non-custodial parent is available to provide proper care for the child. The Rules provide, "When services from the county agency are no longer necessary because the court has determined that the child is not dependent" because the court has determined that a non-custodial parent is "able and available" to provide proper care, "the court shall enter an order awarding custody to that parent[.]" Pa.R.J.C.P. 1631(B). *See also In re S.J.-L.*, 828 A.2d at 355-56 (affirming an order terminating dependency and placing a child with its father, without a hearing, because the father was "immediately ready, willing, and able to provide parental care and control.").

Here, the trial court recognized Father's presence as a willing and able parent. The trial court reasoned:

Here, at the time the Agency sought to have [Child] declared dependent, Father's identity was unknown. At the time of the Dependency Hearing, the [c]ourt found by clear and convincing evidence that [Child] was without proper care or control, and that allowing [Child] to remain in Mother's home would be contrary to her welfare. The [c]ourt ordered the Agency to engage in additional family finding with regard to all individuals identified at the hearing, including Father. Two Agency caseworkers went to Father's home in March of 2022 and found there to be no safety concerns. A criminal background check was completed on Father, and although he had some history with possession of illegal substances, his last involvement with law enforcement was over 10 years ago. Father has no Childline history. Father receives Social Security income and works part time at a barber shop. He provided the Agency caseworker with a copy of the lease to his residence.

Father himself testified at the hearing on the Motion to Modify Placement. With regard to schooling, Father attempted to make arrangements for [Child] to attend the same charter school as his 6[-]year[-]old son; however, due to it being so late in the academic year they were not accepting additional students. Father anticipates that she will be accepted and enrolled at the beginning of the next school year. At the time of the hearing, Father had started the enrollment process for a cyber school for [Child] for the remainder of the school year, as he felt that was a safer alternative to sending her to a Philadelphia public school. Father indicated that [Child]'s healthcare providers would be through CHOP, and that he would be able to obtain benefits for her as soon as he received her records. Most importantly, Father testified about his willingness to put forth efforts to ensure ongoing contact between [Child] and her sisters, whose placement was transferred to a kinship resource home approximately 45 minutes away from Father's home.

"The plain language of the statutory definition of a dependent child compels the conclusion that a child is not dependent if the child has a parent who is willing and able to provide proper care to the child." [*In re M.L.*], 757 A.2d 849, 851 (Pa. 2000). "When a court adjudges a child dependent, that court then possesses the authority to place the child in the custody of a relative or public or private agency." [*Id.*] "Where a non-custodial parent is available and willing to provide care to the child, such power in the hands of the court is an unwarranted intrusion into the family." [*Id.*] As the [c]ourt found that Father was

immediately available to provide care and control to [Child], this [c]ourt did not err in vacating dependency and awarding custody of [Child] to him.

Trial Ct. Op., at 5-6 (citations to record omitted).

With this, we agree. Father presented as a ready, willing, and able parent. The record supports the trial court's determination that Child was no longer dependent, and the resulting termination of court supervision was proper. As we discern no abuse of discretion, we do not disturb the court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2022